**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SANOFI and SANOFI-AVENTIS U.S. LLC<br><br>Plaintiffs,<br><br>v.<br><br>SANDOZ INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: ____________________ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Sanofi and Sanofi-Aventis U.S. LLC ("Sanofi U.S.") (collectively, "Plaintiffs") for their Complaint against defendant Sandoz Inc. ("Sandoz" or "Defendant") hereby allege as follows:

## THE PARTIES

1. Plaintiff Sanofi is a corporation organized and existing under the laws of France, having its principal place of business at 54 rue La Boétie, 75008 Paris, France.

2. Plaintiff Sanofi U.S. is a wholly owned U.S. subsidiary of Sanofi and is a company organized and existing under the laws of the state of Delaware, having commercial headquarters at 55 Corporate Drive, Bridgewater, New Jersey 08807.

3. On information and belief, defendant Sandoz is a company organized and existing under the laws of the State of Colorado having a principal place of business at 100 College Road West, Princeton, NJ 08540.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code and for a declaratory judgment of patent infringement arising under the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. This Court has personal jurisdiction over Sandoz. On information and belief, Sandoz regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that Sandoz has continuous and systematic contacts with Delaware.

6. On information and belief, Sandoz is in the business of formulating, developing, manufacturing, marketing, and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, including in the state of Delaware. On information and belief, Sandoz directly or through its affiliates and agents formulates, manufactures, packages, markets, and/or sells pharmaceutical products throughout the United States and in this judicial district.

7. On information and belief, Sandoz has purposefully conducted business in the state of Delaware, continues to conduct business in Delaware, and Delaware is a likely destination of Sandoz's products.

8. On information and belief, Sandoz has collaborated with and/or entered into contracts with Delaware corporations, including Momenta Pharmaceuticals, Inc., concerning the manufacture, marketing, distribution, and/or sale of pharmaceutical products in the United States.

9. On information and belief, Sandoz holds a pharmacy wholesale license for the state of Delaware under License No. A4-0000260 and a distributor/manufacturer license for controlled substances for the state of Delaware under License No. DS0131.

10. On information and belief, Sandoz has previously availed itself of this forum by consenting to the jurisdiction of this Court and asserting counterclaims in other civil actions initiated in this jurisdiction including, for example, *Teva Pharms. USA, Inc. et al. v. Sandoz, Inc. et al.*, 14-cv-001171-GMS.

11. On information and belief, Sandoz has availed itself of this forum by maintaining lawsuits in this judicial district as a plaintiff, including, for example, *Sandoz, Inc. v. Pfizer, Inc. et al.*, 10-cv-00104-LPS.

12. On information and belief, upon approval of Sandoz's Abbreviated New Drug Application (ANDA) No. 205744, Sandoz and/or its affiliates or agents will market and sell Sandoz's dronedarone hydrochloride tablets 400 mg (eq base) ("Sandoz's Proposed Generic Product") in Delaware and throughout the United States and will derive substantial revenue therefrom.

13. On information and belief, upon approval of Sandoz's ANDA No. 205744, Sandoz and/or its affiliates or agents will place Sandoz's Proposed Generic Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will ultimately be purchased and used by consumers in this judicial district.

14. On information and belief, this Court further has personal jurisdiction over Sandoz because Sandoz regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware and committed the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to plaintiff Sanofi U.S., a Delaware corporation.

15. This Court has personal jurisdiction over Sandoz by virtue of, *inter alia*, the above-mentioned facts.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## THE PATENTS-IN-SUIT

17. Sanofi U.S. holds approved New Drug Application ("NDA") No. 022425 for dronedarone tablets, 400 mg, which are prescribed and sold in the United States under the trademark Multaq®. The U.S. Food and Drug Administration ("FDA") approved NDA No. 022425 on July 1, 2009. Multaq® tablets are indicated to reduce the risk of hospitalization for atrial fibrillation in patients in sinus rhythm with a history of paroxysmal or persistent atrial fibrillation.

18. United States Patent No. 9,107,900 ("the '900 patent," copy attached as Exhibit A) is entitled "Use of Dronedarone for the Preparation of a Medicament for Use in the Prevention of Cardiovascular Hospitalization or of Morality [sic]" and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on August 18, 2015. The '900 patent claims, *inter alia*, methods of using dronedarone. The '900 patent is listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for Multaq® tablets (NDA No. 022425).

19. The named inventors on the '900 patent are Davide Radzik, Martin Van Eickels, Nacera Hamdani, and Christophe Gaudin. The '900 patent is assigned to Sanofi.

20. According to the Orange Book, the '900 patent expires on April 16, 2029.

## CLAIMS FOR RELIEF – PATENT INFRINGEMENT

21. Sandoz submitted ANDA No. 205744 to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's Proposed Generic Product.

22. On information and belief, ANDA No. 205744 seeks FDA approval of Sandoz's Proposed Generic Product for the indication of reducing the risk of hospitalization for atrial fibrillation in patients in sinus rhythm with a history of paroxysmal or persistent atrial fibrillation.

23. By letter dated November 13, 2014, and pursuant to 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95(c), Sandoz notified Plaintiffs that it had submitted ANDA No. 205744 to the FDA seeking approval to engage in the commercial manufacture, use, sale, and/or importation of Sandoz's Proposed Generic Product before the expiration of several Sanofi patents listed in the Orange Book for Multaq® tablets, including U.S. Patent No. 8,318,800 ("the '800 patent") and U.S Patent No. 8,410,167 ("the '167 patent").

24. According to the Orange Book, the '800 patent expires on June 19, 2018 and the '167 patent expires on April 16, 2029.

25. In its letter, Sandoz notified Plaintiffs that, as a part of its ANDA, it had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV Certification") with respect to the '800 patent and the '167 patent. On information and belief, Sandoz certified that, in its opinion and to the best of its knowledge, the '800 patent and the '167 patent are invalid and/or will not be infringed by the manufacture, use, or sale of Sandoz's Proposed Generic Product.

26. On November 24, 2014, Sanofi sued Sandoz in the District of Delaware for, *inter alia*, infringement of the ’800 patent and the ’167 patent pursuant to 35 U.S.C. §271(e)(2). That infringement action has been consolidated with other related litigations in *Sanofi et al. v. Glenmark Pharmaceuticals Inc., USA, et al.*, 14-264-RGA (D. Del.).

27. On information and belief, Sandoz’s ANDA does not contain a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(I-IV) for the ’900 patent.

28. Pursuant to 21 U.S.C. § 355(j) and 21 C.F.R. § 314.94, Sandoz is required to make a patent certification under 21 U.S.C. § 355(j)(2)(A)(vii)(I-IV) to the ’900 patent.

29. On information and belief, based upon, *inter alia*, Sandoz’s Paragraph IV certifications to the earlier-expiring ’800 patent, Sandoz is seeking FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz’s Proposed Generic Product before the expiration of the ’900 patent.

## COUNT I
## Infringement of U.S. Patent No. 9,107,900 Under 35 U.S.C. §271(e)(2)

30. Plaintiffs repeat and reallege paragraphs 1 through 29 as if fully set forth herein.

31. By submitting ANDA No. 205744 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz’s Proposed Generic Product throughout the United States prior to the expiration of the ’900 patent, Sandoz committed an act of infringement of the ’900 patent under 35 U.S.C. §271(e)(2).

32. The commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz’s Proposed Generic Product, for which Sandoz seeks approval in ANDA No. 205744, will induce infringement of or more claims of the ’900 patent under 35 U.S.C. § 271(b).

Specifically, the product label and medication guide that will be included with Sandoz's Proposed Generic Product, if sold, will encourage, recommend, and/or promote the practice of one or more claims of the '900 patent.

33. Plaintiffs will be irreparably harmed by Sandoz's infringing activities and do not have an adequate remedy at law.

**<u>COUNT II</u>**
**Declaratory Judgment of Infringement of U.S. Patent No. 9,107,900 Under 35 U.S.C. §271(b)**

34. Plaintiffs repeat and reallege paragraphs 1 through 33 as if fully set forth herein.

35. This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

36. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution and this actual case or controversy requires a declaration of rights by this Court.

37. Sandoz has made and will continue to make substantial preparation in the United Sates to manufacture, sell, offer to sell, and/or import Sandoz's Proposed Generic Product prior to the expiration of the '900 patent.

38. Sandoz's actions, including but not limited to filing, maintaining, and not withdrawing ANDA No. 205744 containing Paragraph IV Certifications to the '800 patent and the '167 patent, evince a refusal to change its course of action in the face of acts by Plaintiffs, including but not limited to Plaintiffs' listing of the '900 patent in the Orange Book.

39. The commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's Proposed Generic Product, for which Sandoz seeks approval in ANDA No. 205744,

will induce infringement of one or more claims of the ’900 patent under 35 U.S.C. §§ 271(b). Specifically, the product label and medication guide that will be included with Sandoz’s Proposed Generic Product, if sold, will encourage, recommend, and/or promote the practice of one or more claims of the ’900 patent.

40. Plaintiffs are entitled to a declaratory judgment that the future commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz’s Proposed Generic Product prior to the expiration of the ’900 patent will constitute inducement of infringement of the ’900 patent.

41. Plaintiffs will be irreparably harmed by Sandoz’s infringing activities and do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment in their favor and against defendant Sandoz and respectfully request the following relief:

A. A judgment that under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed one or more claims of the ’900 patent by submitting ANDA No. 205744 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz’s Proposed Generic Product before the expiration of the ’900 patent;

B. A judgment that the manufacture, use, offer for sale, sale, and/or importation of Sandoz’s Proposed Generic Product will infringe the ’900 patent;

C. A declaration under 28 U.S.C. § 2201 that if Sandoz and/or its officers, agents, attorneys, and employees, and those acting in privity or concert therewith, engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz’s Proposed

Generic Product prior to the expiration of the ’900 patent, it will constitute an act of infringement of the ’900 patent.

D. A judgment declaring that the ’900 patent remains valid and enforceable;

E. A permanent injunction restraining and enjoining Sandoz and its officers, agents, attorneys, and employees, and those acting in privity or concert therewith, from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz’s Proposed Generic Product until the expiration of the ’900 patent or any later date of exclusivity to which Plaintiffs are or become entitled.

F. An order that the effective date of any approval of Sandoz’s ANDA No. 205744 under Section 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration of the ’900 patent or any later date of exclusivity to which Plaintiffs and/or this patent are or become entitled;

G. A determination that this case is “exceptional” under 35 U.S.C. § 285 and an award of attorneys’ fees;

H. Costs and expenses in this action; and

I. Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Plaintiffs Sanofi and Sanofi-Aventis U.S. LLC*

OF COUNSEL:

William E. Solander
Daniel J. Minion
James R. Tyminski
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100

December 23, 2015